JUDGE SWAIN

07 CV 3994

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL BOLLAG, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>XINHUA FINANCE MEDIA LTD., FREDY BUSH, SHELLY SINGHAL, J.P. MORGAN SECURITIES INC., UBS AG, CIBC WORLD MARKETS CORP., and WR HAMBRECHT & CO., LLC,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS    MAY 2 2 2007<br><br><br>JURY TRIAL DEMANDED |

Plaintiff alleges the following based upon the investigation of his counsel, which included a review of United States Securities and Exchange Commission ("SEC") filings by Xinhua Finance Media Ltd. ("Xinhua" or the "Company"), as well as press releases and other public statements issued by the Company, and Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.  This is a federal securities class action on behalf of purchasers (the "Class") of American Depositary Shares ("ADS") of Xinhua pursuant to or traceable to a Prospectus (defined below) (and also purchasers of ADSs of Xinhua between March 8, 2007 and May 21, 2007, inclusive) (the "Class Period"), seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act"). None of the allegations herein sound in fraud.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under Sections 11 (15 U.S.C. § 77k) and 15 (15 U.S.C. § 77o) of the Securities Act.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337 and Section 22 of the Securities Act (15 U.S.C. § 77v).

4. Venue is proper in this District pursuant to Section 22 of the Securities Act.

5. In connection with the acts alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

6. Plaintiff, Israel Bollag, as set forth in the accompanying certification incorporated by reference herein, purchased shares of Xinhua pursuant to the Prospectus and during the Class Period and has been damaged thereby.

7. Defendant Xinhua is leading diversified media company in China. The Company has assembled and built a group of media assets and strategic partnerships that the Company believes will enable it to achieve the best in class media and advertising services across various sectors of the media business in China. Further, the Company has developed an integrated platform that includes the creation and production of high-quality content that is distributed across nationwide television and print media outlets and radio in Beijing and Shanghai, and where advertising sales are supported by its own advertising agency. These outlets reach an estimated 210 million potential television viewers, a potential listening audience of 33 million people, and the readers of leading magazines and newspapers.

8. Defendant Fredy Bush ("Bush"), is a Chief Executive Officer and Chairman of the Board of Directors of the Company. Bush signed the Prospectus.

9. Defendant Shelly Singhal ("Singhal") was, at all times relevant hereto, the Chief Financial Officer and a Director of the Company. Singhal signed the Prospectus.

10. Defendant J.P. Morgan Securities Inc. (J.P. Morgan"), served as underwriter to the offering. J.P. Morgan is located in New York, New York.

11. Defendant UBS AG ("UBS") served as underwriter to the offering. UBS is located in New York, New York.

12. Defendant CIBC World Markets Corp. ("CIBC"), served as underwriter to the offering. CIBC is located in New York, New York.

13. Defendant WR Hambrecht & Co., LLC ("WR Hambretch"), served as underwriter to the offering. WR Hambretch is located in Boston, Massachusetts.

14. The Defendants referenced above in paragraphs 8-9 are referred to herein as the "Individual Defendants."

15. It is appropriate to treat the Individual Defendants as a group for pleading purposes and to presume that the false, misleading and incomplete information conveyed in the Company's Prospectus as alleged herein are the collective actions of the narrowly defined group of Defendants identified above. Each of the above officers and directors of Xinhua, by virtue of their high-level positions with the Company, directly participated in the management of the Company, and was directly involved in the day-to-day operations of the Company at the highest levels. Said Defendants were involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein, and approved or ratified these statements, in violation of the federal securities laws.

16. As officers and/or directors, and as controlling persons of a publicly-held company whose ADSs were, and are, registered with the SEC pursuant to the Securities Act, traded on the NASDAQ, and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate promptly, complete, accurate and truthful information with respect to the Company's management, among other things, so that the market price of the Company's publicly-traded securities would be based upon truthful and accurate information. As described more fully below, the Prospectus failed to disclose that, at the time of the IPO, Defendant Singhal was the stockbroker in charge of a firm that was then subject to a NASDAQ cease-and-desist order for violation of SEC rules. Therefore, the Individual Defendants' misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

17. The Individual Defendants, because of their positions of control and authority as officers and/or directors of the Company, were able to and did control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period. Each Individual Defendant was provided with copies of the documents alleged herein to be misleading prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or cause them to be corrected. Accordingly, each of the Individual Defendants is responsible for the accuracy of the public reports detailed herein and is therefore primarily liable for the representations contained therein.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired ADSs of Xinhua, pursuant to or traceable to the Prospectus on March 8, 2007 (the Class also consists of those who purchased or otherwise acquired ADSs of Xinhua between

March 8, 2007 to May 21, 2007), and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

19.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Xinhua shares were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Xinhua or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

20.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

21.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

22.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

     (a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b) whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial reporting, business, operations and management of Xinhua; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

23. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## THE MATERIALLY MISLEADING PROSPECTUS

24. March 8, 2007 is the first day of the Class Period. On that day, Xinhua completed its offering of ADSs, selling 23,076,923 ADSs, representing 46,153,846 common shares, pursuant to a prospectus and a registration statement (collectively, the "Prospectus"). The Prospectus was signed by Defendants Bush and Singhal.

25. Defendants J.P. Morgan and UBS were the lead underwriters of the offerings. As noted, "J.P. Morgan Securities Inc. and UBS AG are acting as the representatives. J.P. Morgan Securities Inc. and UBS AG are also the global coordinators and bookrunners for this offering.

26. Defendants CIBC And WR Hambrecht were also co-underwriters of the offering. In this role, CIBC And WR Hambrecht also performed a due diligence investigation of Xinhua and participated in the preparation of the Prospectus.

27. The Prospectus failed to disclose material information that since April 2006, prior to the Company's Initial Public Offering, dated March 8, 2007 (the "IPO"), Defendant Shingal,

6

the Company's CFO at the time of the IPO, was simultaneously an investment banker and stockbroker in charge of Bedrock Securities ("Bedrock"). Since April 2006, prior to the Company's IPO, Bedrock had been under a NASDAQ cease-and desist order for violating SEC regulations. Moreover, reports have also surfaced that Singhal has been fighting a private civil racketeering lawsuit in California and has previously been a major investor in AremisSoft and ACLN, companies previously sued for fraud by the SEC.

28. As a result of the foregoing, on Friday May 18, 2007, the Company's Proxy advisor Glass Lewis & Co.'s head of research, Lynn E. Turner, resigned. Previously Turner was a respected accounting regulator with the SEC. Prior to this news, on May 16, 2007, Glass Lewis' managing director and research editor, Jonathan Weil, resigned.

29. According to *Barron's*, Weil wrote in his resignation letter that he was "uncomfortable with and deeply disturbed" by Xinhua's conduct. "To protect my reputation, I no longer can be associated with Glass Lewis or Xinhua Finance," he wrote.

### TWO MONTHS AFTER SELLING $300 MILLION OF SECURITIES TO INVESTORS, XINHUA STOCK TUMBLES DUE TO DAMAGING INFORMATION NOT DISCLOSED IN THE COMPANY'S PROSPECTUS

30. On May 21, 2007, *Barron's* reported the following:

> ASIAN BUSINESS MEDIA TAPPED FREDY Bush as the "entrepreneur of the year" last October for building her Xinhua Finance into a Chinese media and financial, information powerhouse.
>
> In just seven years, Xinhua has become a kind of McGraw-Hill, of China – with financial news services, stock indexes and ratings agencies. Listed in Tokyo, Bush's company's raised $300 million in March in a U.S. offering on behalf of its Xinhua Finance Media unit (ticker: XFML). Xinhua Finance has collected some influential U.S. assets this year, including the hard-hitting proxy advisory firm Glass Lewis that's staffed with veterans of the Securities and Exchange Commission and the Wall Street Journal ... or at least it was until last week.
>
> *That's when two of the most prestigious staffers at Glass Lewis resigned after apparently concluding that their new parent*

*company, Xinhua Finance, would have flunked a Glass Lewis review of its corporate transparency. It turns out that Xinhua Finance Media's IPO prospectus failed to mention some awkward facts about the company's then-chief financial officer, Shelly Singhal.*

*The 39-year-old Singhal was simultaneously the company's CFO and an investment banker and stock broker who runs the Newport Beach, Calif., firm Bedrock Securities. And since April 2006, Singhal's firm has been under a cease – and desist order from the National Association of Securities Dealers, as the regulators seek to suspend Bedrock for violating several SEC rules. I called Bedrock, but no one returned my message.*

*Singhal's name actually came up in Barron's May 7 issue ("New Controversy for iMergent"), where we reported that he was fighting a private civil racketeering suit in California courts for his investment activities. He got involved with Xinhua Finance as a major investor in 2003. He had previously been a major investor in a couple of companies called AremisSoft and ACLN – which turned out to be outrageous frauds.*

By coincidence, perhaps, our mention of Singhal on May 7 was followed Tuesday by a Xinhua Finance Media announcement that Singhal was moving from his role as chief financial officer of the U.S.-listed unit to become head of corporate development for the Cayman Island-based parent company's capital markets activities. Taking his place as CFO was David Wang, who had worked for Singhal's brokerage firm and investment bank.

Friday, Glass Lewis' head of research, Lynn E. Turner, resigned. Before joining Glass Lewis, Turner had been arguably the best accounting regulator to serve at the Securities and Exchange Commission. Wednesday, Glass Lewis' managing director and research editor, Jonathan Weil, resigned. He had come to the proxy advisory firm from the Wall Street Journal, where he was the first reporter to blow the whistle on Enron.

*"I am uncomfortable with and deeply disturbed," Weil said in his resignation letter, "by the conduct, background and activities of our new parent company Xinhua Finance Ltd., its senior management, and its directors. To protect my reputation, I no longer can be associated with Glass Lewis or Xinhua Finance."*

Shortly after I called Xinhua Finance Friday afternoon to ask about Singhal, the company put out a press release announcing that he was resigning from the boards of both Xinhua Finance and its Nasdaq-listed subsidiary, and also leaving his management positions. "It is a difficult decision to leave these two Companies that I have helped to grow," he said in the announcement, "but

8

> there are other priorities that will require my full attention, so it is clearly the right thing to do now."
>
> A few moments later, I was on the phone with Xinhua Finance CEO Freddy Bush. She praised Singhal's skills at dealing with regulatory regimes in the U.S., Japan and China. "Shelly's got some very unique skills," she said.
>
> *I asked if she'd known about the NASD action against Singhal's brokerage firm when putting together a prospectus for Xinhua Finance Media that omitted that fact. After a long speech about how she had relied on the best advice of the company's underwriters and lawyers, she acknowledged that, "yes," she had known about the NASD problems of Singhal's brokerage firm. Her legal advisers told her, she said, that the prospectus didn't have to make that disclosure.*

(Emphasis added).

31. On May 21, 2007, the Company issued a press release stating that Defendant Singhal resigned from the boards of both Xinhua Finance and Xinhua Finance Media, as well as from all executive and managerial positions. Defendant Singhal was replaced as Xinhua Finance Media CFO by David Wang. Wang has also worked for Singhal's brokerage firm.

32. As result of the above revelations, the Company's shares dropped 16 percent to a low of $8.31 in morning trading on May 21, 2007.

33. Further, on May 22, 2007, the Company's shares fell even further (11% to $7.78) since the Company held its IPO on March 8 2007 at $13 a share.

## COUNT I

### [AGAINST ALL DEFENDANTS]
### FIRST CLAIM FOR RELIEF
### FOR VIOLATION OF SECTION 11 OF THE SECURITIES ACT

34. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35. This claim is brought by Plaintiff on behalf of the Class against all Defendants pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k.

36. The Prospectus, at the time it became effective, was inaccurate and misleading, contained untrue statements of material fact and/or omitted to state material facts necessary to make the statements made therein not misleading, as alleged above.

37. The Company is an issuer of securities sold pursuant to the Prospectus. As such, the Company is strictly liable for any misstatements of fact contained in the Prospectus.

38. The Individual Defendants signed the Prospectus.

39. J.P. Morgan, UBS, CIBC, and WR Hambrecht were the four underwriters on the Prospectus.

40. The statements contained in the Prospectus was false and materially misleading as alleged herein.

41. Plaintiff and the other members of the Class who purchased the securities issued pursuant to the Prospectus acquired such securities without knowledge of the untruths or omissions alleged therein. Plaintiff and the other members of the Class were damaged by the material misstatements and omissions of the Prospectus.

42. This action has been brought within one year after the discovery of the untrue statements and the omissions or after such discovery should have been made by the exercise of reasonable diligence and within three years after the securities at issue were offered to the public.

43. By reason of the foregoing, Defendants have violated Section 11 of the Securities Act.

## COUNT II

### [AGAINST THE INDIVIDUAL DEFENDANTS] FOR VIOLATION OF SECTION 15 OF THE SECURITIES ACT

44. Plaintiff repeats and realleges the allegations set forth above as if set forth fully herein.

45.     The Individual Defendants are alleged to be controlling persons of Xinhua through stock ownership, agency or otherwise. The Individual Defendants also controlled other employees of Xinhua. The Individual Defendants prepared, or were responsible for preparing, the Prospectus.

46.     Because of their high-level positions of control with respect to the issuance of the Prospectus, and their knowledge of Xinhua's business, the Individual Defendants are controlling persons within the meaning of Section 15 of the Securities Act.

47.     By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages against the Individual Defendants.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding rescission or rescissory damages to members of the Class who no longer own their Xinhua shares;

(d)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(e)     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: May 22, 2007

                                                                        **BERNSTEIN LIEBHARD & LIFSHITZ, LLP**

By: _____
       Sandy A. Liebhard (SL-0835)
       Timothy MacFall (TM-8639)
       Gregory M. Egleston (GE-1932)
       10 East 40th Street, 22nd Floor
       New York, New York 10016
       Tel: (212) 779-1414

       **Attorneys for Plaintiff**

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

ISRAEL BOLLAG ("PLAINTIFF"), declares the following as to the claims asserted under the federal securities laws:

1. Plaintiff has reviewed the complaint filed in this matter and has authorized the filing of a complaint based on similar allegations in a related or amended complaint. Plaintiff retains Bernstein Liebhard & Lifshitz, LLP and such co-counsel it deems appropriate to associate with to pursue such action on a contingent fee basis.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial. I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Certification.

4. Plaintiff's transaction(s) in the Xinhua Finance Media Ltd. security that is the subject of this action during the class period are as follows:

| No. of Shares | Stock Symbol | Buy/Sell | Date | Price Per Share |
|---|---|---|---|---|
| 100 | XFML | BUY | 03/08/07 | $13.00 |

Please list other transactions on a separate sheet of paper, if necessary.

5. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for the class in any action filed under the federal securities laws except as indicated here: **None**

6. Plaintiff has complete investment authority and is the agent and attorney-in-fact with full power and authority to bring suit to recover for investment losses.

7. The undersigned is authorized to sign this Certification on behalf of Plaintiff.

8. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, or as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of May, 2007.

_____
Signature

Israel Bollag
Print Name