# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL BOLLAG, Individually And On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>XINHUA FINANCE MEDIA LTD., FREDY BUSH, SHELLY SINGHAL, J.P. MORGAN SECURITIES, INC., UBS AG, CIBC WORLD MARKETS CORP., WR HAMBRECHT + CO., LLC, )<br><br>Defendants. ) | **CIVIL ACTION NO. 07-cv-3994 (LTS)**<br><br><br>**JURY TRIAL DEMANDED** |

(Captions continued on following pages)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE YEN GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

|  |  |
|---|---|
| LEO YEN, Individually And<br>On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>XINHUA FINANCE MEDIA LTD.,<br>FREDY BUSH, SHELLY SINGHAL, ZHU<br>SHAN, GRAHAM EARNSHAW,<br>ALOYSIUS T. LAWN, JOHN H.<br>SPRINGER, ZHAO LI, LONG QIU YUN,<br>J.P. MORGAN SECURITIES, INC., UBS<br>AG, CIBC WORLD MARKETS CORP.,<br>WR HAMBRECHT + CO., LLC,<br><br>Defendants. | **CIVIL ACTION NO. 07-cv-4046 (LTS)**<br><br>**JURY TRIAL DEMANDED** |

|  |  |
|---|---|
| JOEL DARRAS, Individually And<br>On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>XINHUA FINANCE MEDIA LTD.,<br>FREDY BUSH, SHELLY SINGHAL, J.P.<br>MORGAN SECURITIES, INC., UBS AG,<br>CIBC WORLD MARKETS CORP., WR<br>HAMBRECHT + CO., LLC,<br><br>Defendants. | **CIVIL ACTION NO. 07-cv-4144 (LTS)**<br><br>**JURY TRIAL DEMANDED** |

|  |  |
|---|---|
| ALTON PARTNERS, Individually And<br>On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>XINHUA FINANCE MEDIA LTD.,<br>FREDY BUSH, SHELLY SINGHAL,<br><br>Defendants. | **CIVIL ACTION NO. 07-cv-4443 (LTS)**<br><br>**JURY TRIAL DEMANDED** |

BRICKMAN INVESTMENTS, INC.,
Individually And On Behalf of All Others
Similarly Situated,

               Plaintiff,

      vs.

XINHUA FINANCE MEDIA LTD.,
FREDY BUSH, SHELLY SINGHAL, J.P.
MORGAN SECURITIES, INC., UBS AG,
CIBC WORLD MARKETS CORP., WR
HAMBRECHT + CO., LLC,

              Defendants.

**CIVIL ACTION NO. 07-cv-4719 (LTS)**

**JURY TRIAL DEMANDED**

BLOOMFIELD, INC., Individually And
On Behalf of All Others Similarly Situated,

               Plaintiff,

      vs.

XINHUA FINANCE MEDIA LTD.,
FREDY BUSH, SHELLY SINGHAL, J.P.
MORGAN SECURITIES, INC., UBS AG,
CIBC WORLD MARKETS CORP., WR
HAMBRECHT + CO., LLC,

              Defendants.

**CIVIL ACTION NO. 07-cv-4727 (LTS)**

**JURY TRIAL DEMANDED**

JIAJU CHU, Individually And
On Behalf of All Others Similarly Situated,

               Plaintiff,

      vs.

XINHUA FINANCE MEDIA LTD.,
FREDY BUSH, SHELLY SINGHAL, J.P.
MORGAN SECURITIES, INC., UBS AG,
CIBC WORLD MARKETS CORP., WR
HAMBRECHT + CO., LLC,

              Defendants.

**CIVIL ACTION NO. 07-cv-6145 (LTS)**

**JURY TRIAL DEMANDED**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………………………………………1

PROCEDURAL BACKGROUND…………………………………………………………..2

STATEMENT OF FACTS……………………………………………………………………..3

ARGUMENT………………………………………………………………………………...6

I.      THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS………………6

II.     THE YEN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF………………...7

        A.      The Procedural Requirements Pursuant to the PSLRA…………………………..7

        B.      The Yen Group Is "The Most Adequate Plaintiff"……………………………….8

                1.      The Yen Group Has Complied With the PSLRA and Should Be
                        Appointed Lead Plaintiff…………………………………………………..8

                2.      The Yen Group Has the Largest Financial Interest………………………9

                3.      The Yen Group Satisfies the Requirements of Rule 23…………………..9

                        i.   The Yen Group's Claims are Typical of the Claims of all the
                             Class Members……………………………………………………10

                        ii.  The Yen Group Will Adequately Represent the Class………………11

III.    THE COURT SHOULD APPROVE THE YEN GROUP'S CHOICE OF
        LEAD COUNSEL ………………………………………………………………………12

CONCLUSION………………………………………………………………………………..13

## PRELIMINARY STATEMENT

The Yen Group ("Movant") hereby moves to consolidate all related securities fraud class actions filed against Xinhua Finance Media, Ltd.[1] ("Xinhua" or the "Company") and other defendants, to be appointed Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of its selection of the law firm of Kahn Gauthier Swick, LLC ("KGS") as Lead Counsel for the Class in this action.

The Yen Group fully understands its duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certifications attached to the Declaration of Kim E. Miller in Support of the Motion of the Yen Group to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A, the Yen Group has suffered losses of $119,912.78 as a result of its purchase of 124,500 American Depository Shares ("ADS") of Xinhua pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the initial public offering ("IPO") of Xinhua ADS between March 8, 2007 and May 21, 2007, inclusive (the "Class Period")[2]. To the best of its knowledge, the Yen Group has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

---

[1] The related securities fraud class actions include the following cases: *Israel Bollag v. Xinhua Finance Media, Ltd., et al.*, 07-3994 (filed May 22, 2007); *Leo Yen v. Xinhua Finance Media, Ltd., et al.*, 07-4046 (filed May 23, 2007); *Joel Darras v. Xinhua Finance Media, Ltd.., et al.*, 07-4144 (filed May 29, 2007); *Alton Partners v. Xinhua Finance Media, Ltd., et al.*, 07-4443 (filed May 30, 2007); *Brickman Investments, Inc. v. Xinhua Finance Media., et al.*, 07-4719 (filed June 4, 2007); *Bloomfield, Inc. v. Xinhua Finance Media., et al.*, 07-4727 (filed June 4, 2007); and *Jiaju Chu v. Xinhua Finance Media, Ltd., et al.*, 07-6145 (filed June 29, 2007).

[2] All cases asserting Exchange Act claims also assert a Class Period ending date of May 21, 2007.

In addition to evidencing the largest financial interest in the outcome of this litigation, the Yen Group's Certifications demonstrate its intent to serve as Lead Plaintiff in this litigation, including its cognizance of the duties of serving in that role.[3]  Moreover, the Yen Group satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, the Yen Group respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B) and Section 27(a)(3)(B) of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all related actions concerning the subject matters of this action pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Yen Group as Lead Plaintiff in this action pursuant to the Securities Act and the Exchange Act; and (3) approving Movant's selection of the law firm of KGS as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Bollag v. Xinhua Finance Media, Ltd., et al.*, 07-3994, was filed on behalf of plaintiff Israel Bollag, in the United States District Court for the Southern District of New York on May 22, 2007.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i) and 15 U.S.C. § 77z-1(a)(3)(A)(i), on May 22, 2007, the first notice that a class action had been initiated against Defendants was published on *Market Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than July 23, 2007.  *See* Miller Decl. at Exhibit B.

---

[3]  The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii).  A copy of the Yen Group's Certifications of its transactions in Xinhua securities during the Class Period is attached as Exhibit A to the Miller Declaration that has been filed in support of this motion.

Movant is a Class Member (*see* Miller Decl. at Exhibit A) who has timely filed this motion within the 60 day period following publication of the May 22, 2007 notice.

## STATEMENT OF FACTS[4]

Xinhua is a diversified media company in China.  The Company has developed an integrated platform that includes the creation and production of content that is distributed across nationwide television and print media outlets and radio in Beijing and Shanghai, and where advertising sales are supported by its own advertising agency.  Xinhua generates revenue principally by selling advertising on broadcast and print distribution platforms, selling advertising space on newspaper and magazine pages, selling produced television programs, providing advertisement production services, and providing research services.

Xinhua, its entire Board of Directors and the Underwriters involved in the IPO (including, J.P. Morgan Securities Inc., UBS AG, CIBC World Markets Corp. and WR Hambrecht + Co., LLC), are each charged with including or allowing the inclusion of materially false and misleading statements in the Registration Statement and Prospectus issued in connection with the March 2007 IPO, in direct violation of the Securities Act.  Furthermore, Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's shares in an effort to maintain artificially high market prices for Xinhua's shares in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  Specifically, defendants each failed to conduct an adequate due diligence investigation into the Company prior to the IPO, and they also each failed to reveal that, at the time of the IPO, the Company's CFO, Shelly Singhal, was simultaneously an investment banker

---

[4] These facts were derived from the allegations contained in the related class actions.

and stockbroker in charge of Bedrock Securities ("Bedrock") and, that since April 2006, prior to the IPO, Bedrock had been under a "Cease-and-Desist" order by the National Association of Securities Dealers ("NASD")—that exchanges self regulatory body—for violating SEC regulations.  Moreover, at the time of the IPO, it also now appears that defendants also failed to reveal that defendant Singhal was defending private charges of civil racketeering in a lawsuit in California, or that he had previously acted as a major investor in several other companies that had also previously been sued for fraud by investors.

It was only on May 21, 2007, however, that investors learned the truth about the Company after *Barron's* reported an expose about Singhal, and after shares of the Company opened to a new trading low of $8.31 per share—a decline of over 36% compared to the March 2007 Offering price of $13.00 per share.  Investors' shock related to the reports about defendant Singhal were compounded by *Barron's* report that the head of research at the Company's Glass Lewis subsidiary, Lynn E. Turner, and its managing director and research editor, Jonathan Weil, had both resigned from the subsidiary in protest over defendants' material Prospectus omissions.

The importance of these resignations to investors cannot be understated because, according to *Barron's*, prior to joining Glass Lewis, Lynn E. Turner had been, arguably, the best accounting regulator to serve at the Securities and Exchange Commission.  Jonathan Weil, who also resigned, had previously served as staff member of the *Wall Street Journal*, where he was nationally recognized for being the first reporter to blow the whistle on Enron.  Upon resignation, Weil stated that, ***"I am uncomfortable with and deeply disturbed by the conduct, background and activities of our new parent company Xinhua Finance Ltd., its senior management, and its directors.  To protect my reputation, I no longer can be associated with Glass Lewis or Xinhua Finance."***

Most shocking of all, however, was the statement in the *Barron's* report that indicated that the Company and its CEO had known of defendant Singhal's legal problems prior to the March 2007 IPO, and had withheld this information from investors.  Again, according to this report, when specifically asked if she'd known about the NASD action against Singhal's brokerage firm when putting together a prospectus for Xinhua that omitted these facts, and "after a long speech about how she had relied on the best advice of the company's underwriters and lawyers," the Company's CEO, defendant Bush, acknowledged that, "yes," she had known about the NASD problems of Singhal's brokerage firm, and that she, the Company and its Underwriters and advisors omitted this material disclosure.

The decline in Xinhua's stock price following the departure of defendant Singhal and following publication of the *Barron's* expose, was a direct result that the nature and extent of defendants' misrepresentations and omissions contained in the IPO Prospectus became known to investors and to the market.  The timing and magnitude of Xinhua's stock price decline the following day, when trading resumed, negates any inference that the losses suffered by plaintiff and the other members of the Class were caused by changed market conditions, macroeconomic or industry factors or even Company-specific facts unrelated to defendants' illegal conduct. During the same period in which Xinhua's share price fell over 18% as a result of defendants' misrepresentations and omissions being revealed, the Standard & Poor's 500 securities index was relatively unchanged.  The economic loss, *i.e.* damages suffered by plaintiff and other members of the Class, was a direct result of defendants' misrepresentations and omissions being revealed to investors, and the subsequent significant decline in the value of the Company's shares was also the direct result of defendants' prior misstatements and omissions being revealed.

# ARGUMENT

## I.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation pursuant to Rule 42(a) is proper and routinely granted in actions such as this, where there are common questions of law and fact.[5]  See *Walker v. Deutsche Bank, AG*, 2005 U.S. Dist. LEXIS 19776, *6 (S.D.N.Y. Sept. 6, 2005).[6]  Courts have recognized that securities class actions, in particular, are ideally suited for consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned.  See e.g., *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Indeed, "[i]n securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact" and the parties will not be prejudiced.  *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001).  Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately

---

[5] Here, the *Bollag*, *Yen*, *Brickman Investments, Inc.* and *Bloomfield, Inc.* cases pleaded violations of the Securities Act of 1933, while the *Darras* and *Alton Partners* cases pleaded violations of both the Securities Act of 1933 and the Securities Exchange Act of 1934.  The *Chu* complaint is not accessible through PACER, thus allegations of that case are undeterminable.  If additional securities cases are subsequently filed alleging the same course of conduct and similar or identical claims against the same or similar defendants, consolidation would be proper.  *See* Rule 42(a).

[6] Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of separate actions:
> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay.

before two or more judges.  *Id.*  See also *In re Olsten Corp. Securities Litigation*, 3 F.Supp.2d 286 (E.D.N.Y. 1998).

Accordingly, this Court should enter an Order that consolidates any related cases with the instant action.

## II.     THE YEN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3) and 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i) and 15 U.S.C. § 77z-1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Market Wire* on May 22, 2007.  *See* Miller Decl. Exhibit B.[7]  This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than July 23, 2007.  Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action.  15 U.S.C. § 78u-4(a)(3)(A) and (B) and 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members.  15

---

[7] *Market Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

U.S.C. § 78u-4(a)(3)(B)(i) and 15 U.S.C. § 77z-1(a)(3)(B)(i).  In determining who is the "most

adequate plaintiff," the acts provide that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any
> private action arising under this title is the person or group of persons that—
>
> > (aa)  has either filed the complaint or made a motion in response to a
> > notice…
> >
> > (bb)  in the determination of the court, has the largest financial interest in
> > the relief sought by the class; and
> >
> > (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules
> > of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii).  *See In re Oxford Health*

*Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220

F.R.D. 398, 401 (S.D.N.Y. 2004).

### B.     The Yen Group Is "The Most Adequate Plaintiff"

#### 1.     The Yen Group Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff

The Yen Group moves this Court to be appointed Lead Plaintiff and has timely filed the

instant motion to be appointed Lead Plaintiff within the 60-day time period requirement.  The

plaintiff in the first-filed action published notice on *Market Wire*, a national business-oriented

wire service, on May 22, 2007.  Accordingly, the Yen Group meets the requirement of 15 U.S.C.

§ 78u-4(a)(3)(B)(iii)(I)(aa) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa), and has filed its motion by

July 23, 2007.

Moreover, the Yen Group has sustained a substantial loss from its investment in Xinhua

stock and has shown its willingness to represent the Class by signing Certifications detailing its

Xinhua transaction information during the Class Period.  *See* Miller Decl. Exhibit A.  As

demonstrated by its Certifications, the Yen Group is prepared to consult with counsel on a

regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, the Yen Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel, KGS, is attached as Exhibit C to the Miller Declaration.

### 2.    The Yen Group Has the Largest Financial Interest

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401; *see also, Lee v. Axonyx, Inc., et al.*, No. 7:05-cv-2307, slip. Op., at pg. 8 (S.D.N.Y. Jan. 27, 2006) (Griesa, J.) (appointing movant with the largest financial interest). As demonstrated herein, the Yen Group (with losses of $119,912.78) has the largest known financial interest in the relief sought by the Class. *See* Miller Decl. Exhibit A.

### 3.    The Yen Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *See also, Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.").  As detailed below, the Yen Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.  The Yen Group has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

### i.    The Yen Group's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical.  *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y.

1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because the Yen Group's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. The Yen Group and all of the Class Members purchased ADS of Xinhua pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the IPO of Xinhua ADS during the Class Period when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both the Yen Group and the Class Members suffered damages as a result of these purchases. Simply put, the Yen Group, like all other Class Members: (1) purchased Xinhua stock during the Class Period; (2) purchased Xinhua stock at artificially-inflated prices as a result of defendants' misrepresentations and omissions; and (3) suffered damages thereby. The Yen Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. Moreover, the Yen Group is not subject to any unique or special defenses. Thus, the Yen Group meets the typicality requirement of Fed. R. Civ. P. Rule 23 because its claims are the same as the claims of the other Class Members.

### ii.    The Yen Group Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class;

and (4) whether there is evidence of any antagonism between their respective interests.    15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B).

The Yen Group's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class.  There is no evidence of antagonism between its interests and those of the proposed Class Members.  Furthermore, the Yen Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss it incurred as a result of the wrongful conduct alleged herein.  This motivation, combined with the Yen Group's identical interest with the members of the Class, clearly shows that the Yen Group will adequately and vigorously pursue the interests of the Class.  In addition, the Yen Group has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent them.

In sum, because of the Yen Group's common interests with the Class Members, its clear motivation and ability to vigorously pursue this action, and its competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case.  Therefore, since the Yen Group not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, it is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

## III.    THE COURT SHOULD APPROVE THE YEN GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v).  Thus, this Court should not disturb the Lead Plaintiff's choice of counsel

unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

The Yen Group has selected KGS to serve as Lead Counsel for the Class. This firm has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions. *See* Miller Decl. Exhibit C. Furthermore, the Yen Group's counsel has continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, the Yen Group respectfully requests that this Court: (1) consolidate all related actions, (2) appoint the Yen Group to serve as Lead Plaintiff in this consolidated action; (3) approve the Yen Group's selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: July 23, 2007                          Respectfully submitted,

KAHN GAUTHIER SWICK, LLC

/s/ Kim E. Miller
Michael A. Swick  (MS-9970)
Kim E. Miller  (KM-9669)
12 East 41st Street, 12th Floor
New York, NY 10017
Telephone:   (212) 696-3730
Facsimile:    (504) 455-1498

And

KAHN GAUTHIER SWICK, LLC
Lewis S. Kahn
650 Poydras St., Suite 2150
New Orleans, Louisiana 70130
Telephone (504) 455-1400

13

Facsimile: (504) 455-1498

*Counsel for the Yen Group and Proposed
Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on July 23, 2007.

/s/ Kim E. Miller____
Kim E. Miller