UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL BOLLAG, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>XINHUA FINANCE MEDIA LTD., FREDY BUSH, SHELLY SINGHAL, J.P. MORGAN SECURITIES INC., UBS AG, CIBC WORLD MARKETS CORP., and WR HAMBRECHT & CO., LLC,<br><br>Defendants. | **Civil Action No.: 1:07-cv-03994-LTS** |
| LEO YEN, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>XINHUA FINANCE MEDIA LTD., FREDY BUSH, SHELLY SINGHAL, ZHU SHAN, GRAHAM EARNSHAW, ALOYSIUS T. LAWN, JOHN H. SPRINGER, ZHOA LI, LONG QIU YUN, MORGAN SECURITIES, INC., UBS AG, CIBC WORLD MARKETS CORP., and WR HAMBRECHT & CO., LLC,<br><br>Defendants. | **Civil Action No.: 1:07-cv-04046-LTS** |

| | |
|---|---|
| ALTON PARTNERS, Individually And On Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>XINHUA FINANCE MEDIA LTD., FREDY BUSH and SHELLY SINGHAL,<br><br>  Defendants. | **Civil Action No.: 1:07-cv-04443-LTS** |
| BRICKMAN INVESTMENTS INC., Individually And On Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>XINHUA FINANCE MEDIA LTD., FREDY BUSH, SHELLY SINGHAL, J.P. MORGAN SECURITIES INC., UBS AG, CIBC WORLD MARKETS CORP., and WR HAMBRECHT & CO., LLC,<br><br>  Defendants. | **Civil Action No.: 1:07-cv-04719-LTS** |

|  |  |
|---|---|
| BLOOMFIELD INC., Individually And On Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>XINHUA FINANCE MEDIA LTD., FREDY BUSH, SHELLY SINGHAL, J.P. MORGAN SECURITIES INC., UBS AG, CIBC WORLD MARKETS CORP., and WR HAMBRECHT & CO., LLC,<br><br>  Defendants. | **Civil Action No.: 1:07-cv-04727-LTS** |
| JIAJU CHU, Individually And On Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>XINHUA FINANCE MEDIA LTD., FREDY BUSH, SHELLY SINGHAL, J.P. MORGAN SECURITIES INC., UBS AG, CIBC WORLD MARKETS CORP., and WR HAMBRECHT & CO., LLC,<br><br>  Defendants. | **Civil Action No.: 1:07-cv-06145-LTS** |

**MEMORANDUM OF DELTA PARTNERS, LLC
IN SUPPORT OF ITS MOTION TO CONSOLIDATE THE
ACTIONS, BE APPOINTED AS LEAD PLAINTIFF, AND APPROVE
<u>ITS CHOICE OF LEAD COUNSEL</u>**

## PRELIMINARY STATEMENT

Presently pending before the Court are seven securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased American Depositary Shares ("ADSs") of Xinhua Finance Media Ltd. ("Xinhua" or the "Company") pursuant or traceable to Xinhua's initial public offering, dated March 8, 2007 (the "IPO"). The Actions are also on behalf of all persons who purchased or acquired ADSs of Xinhua between March 8, 2007 and May 21, 2007, inclusive (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 promulgated under Exchange Act Section 10(b) and Sections 11, 12 and 15 of the Securities Act of 1933 (the "Securities Act"), against Defendants Xinhua, Fredy Bush, Shelly Singhal, J.P. Morgan Securities Inc., UBS AG, CIBC World Markets Corp., and WR Hambrecht & Co., LLC.

Class member Delta Partners, LLC (the "Movant" or "Delta") hereby moves this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Section 27(a) of the Securities Act for an order (a) consolidating the captioned actions for all purposes; (b) appointing Movant as lead plaintiff in the Actions; and (c) approving Movant's selection of Gainey & McKenna and Squitieri & Fearon, LLP as co-lead counsel for the Class.

During the Class Period, Movant purchased 71,000 shares of Xinhua ADSs and incurred losses of approximately $236,976. Movant believes that these losses represent the largest financial interest in the outcome of the litigation.

## STATEMENT OF FACTS

Plaintiffs allege that on March 8, 2007, Xinhua completed its initial public offering of

2

23.07 million ADSs, representing 46.15 million common shares, at $13.00 per ADSs (including 1.5 million shares sold by Xinhua's Chairman and Chief Executive Officer, Fredy Bush), for net proceeds of $300 million, pursuant to the Registration Statement. Due to Defendants' positive but false statements following the IPO, by May 15, 2007, the stock was trading around $12.00 per share.

On May 21, 2007, *Barron's* published an article on Xinhua disclosing that the Registration Statement for the IPO failed to disclose that Xinhua's Chief Financial Officer ("CFO") was simultaneously the Company's CFO and an investment banker and stockbroker who ran a securities firm that had been under regulatory scrutiny in the past year.

On this news, Xinhua's stock price collapsed from $10.79 per share on May 17, 2007 to close at $8.76 per share on May 21, 2007, on unusually high volume.

## ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Rule 42(a) provides for consolidation "[w]hen actions involving a common question of law or fact are pending before the court." *Accord Manual for Complex Litigation (3d)*, § 20.123, at 13-14 (1995). The PSLRA also contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. A. § 78u-4(a)(3)(B)(ii).

"In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and defendants will not be prejudiced." *Mitchell v. Complete Mgmt., Inc.*, No. 99 Civ. 1454, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) (*quoting Werner v. Saterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992)); *Weltz v. Lee*, No. 00 Civ. 3863, 2001 WL

228412, at *2 (S.D.N.Y. Mar. 7, 2001). Consolidating multi-shareholder class action suits streamlines and simplifies pre-trial and discovery motions, class action issues, clerical and administrative management duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. *In re Olsten Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998); *Switzenbaum v. Orbital Sciences Corp.*, 187 F.R.D. 246, 248 (E.D. Va. 1999).

The actions pending before this Court present similar factual and legal issues as they allege violations of the same sections of the Exchange Act and Securities Act and name the Company, and certain of its officers, directors and underwriters as Defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) and the PSLRA is appropriate.

    1.    **The Court Should Resolve the Consolidation Issue Before Determining The Lead Plaintiff**

Once the Court decides the consolidation motion, it must decide the lead plaintiff issue "[a]s soon as practicable." Exchange Act § 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii); Securities Act § 27(a)(3)(B)(ii), 15 U.S.C.A. § 77z-1(a)(3)(B)(ii). As Movant has an interest in moving these actions forward, it respectfully urges the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of fact and law presented by the related actions now pending in this District.

**B.**    **THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF**

    1.    **The Procedure Required by the PSLRA**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each

4

private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Exchange Act § 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B); Securities Act § 27(a)(1), 15 U.S.C.A. § 77z-1(a)(1) ("the provisions of the subsection shall apply to each private action arising under this subchapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure").

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Exchange Act § 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii), Securities Act § 27(a)(3)(A)(i), 15 U.S.C.A. § (a)(3)(A)(i)(same). The PSLRA requires the court to consider within 90 days all motions filed within 60 days after publication of that notice made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Exchange Act § 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i); Securities Act § 27(a)(3)(B)(i), 15 U.S.C.A. § 77z-1(a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Exchange Act § 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); Securities Act § 27(a)(3)(B)(iii)(I), 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(I) (same). The presumption may be rebutted only upon proof by a Class member that the presumptively most adequate plaintiff "will

not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Exchange Act § 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); Securities Act § 27(a)(3)(B)(iii)(II), 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(II) (The presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumably most adequate plaintiff - (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiffs incapable of adequately representing the Class").

As set forth below, Movant satisfies the foregoing criteria and it is not aware of any unique defenses that defendants could raise against it. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### a. Movant is Willing to Serve as Class Representative

On May 22, 2007, counsel in the first-filed lawsuit caused a notice (the "Notice") to be published pursuant to the PSLRA, which announced that a securities class action had been filed against Xinhua and others, and which advised putative class members that they had until July 23, 2007 to file a motion to seek appointment as a lead plaintiff in the action. Movant has timely filed its motion pursuant to the Notice. In doing so, Movant has attached its certification attesting to its willingness to serve as representative of the Class and provide testimony at deposition and trial, if necessary. *See* Declaration of Maria J. Ciccia ("Ciccia Decl.") Ex. A. Accordingly, Movant satisfies the first requirement to serve as lead plaintiff for the Class. Exchange Act § 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa); Securities Act § 27(a)(3)(B)(iii)(aa), 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(aa).

6

### b. Movant has the Largest Financial Interest in the Relief Sought in this Action

The PSLRA requires the Court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." Exchange Act § 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); Securities Act § 27(a)(3)(B)(iii)(I)(bb), 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(I)(bb).

Movant submits that it has the largest financial interest of any shareholder or group of shareholders seeking to be appointed lead plaintiff. ***Movant purchased 71,000 ADSs of Xinhua and suffered losses of $236,976.*** *See* Ciccia Decl. Ex. B. These losses are significant enough to ensure that Movant has a sufficient financial stake to remain an active participant in the action and oversee its vigorous prosecution by counsel. *Albert Fadem Trust v. Citigroup, Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (LTS) (holding that the movant with the largest financial losses of any lead plaintiff movant was presumptively the most adequate plaintiff); *Kaplan v. Gelford*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007); *See House Conference Report* No. 104-369, 104th Cong.1st Sess. at 34 (1995) (*citing Conference Report of Securities Reform, H.R. Rep.* No. 369, 104 Cong., 1st Sess. 31, *reprinted in* U.S.C.C.A.N. 679, 730-31). Movant is not aware of any other moving party who has suffered larger losses. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as lead plaintiff in the Actions. Exchange Act § 21D(a)(3) (B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); Securities Act § 27(a)(3)(B)(iii)(I)(bb), 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(I)(bb).

### c. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

The PSLRA provides that the lead plaintiff must "otherwise satisfy the requirements of

Rule 23 of the Federal Rules of Civil Procedure." Exchange Act § 21D(a)(3)(B)(iii)(I)(cc); Securities Act § 27(a)(3)(B)(iii)(I)(cc), 15 U.S.C.A. § 77z-1(a)(3)(B)(I)(iii)(cc)(same). Typicality and adequacy of representation (Rules 23(a)(3) & (a)(4)) are the only provisions relevant to a determination of lead plaintiff under the PSLRA. *Kaplan*, 240 F.R.D. at 94, citing *Shi v. Sina Corp.*, Nos. 05 Civ. 2154 (NRB) et al., 2005 WL 1561438, at *2 (S.D.N.Y. July 1, 2005) and quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *See also Olsten*, 3 F. Supp. 2d at 296; *In re Party City Sec. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999), citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

The claims asserted by Movant are typical of those of the Class. Movant, like the members of the Class, purchased Xinhua ADSs on the IPO and during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, its claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other class members and its losses result from defendants' common course of conduct. *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

Movant is an adequate representatives for the Class because there is no antagonism between its interests and those of the Class. *Oxford*, 182 F.R.D. at 50. Moreover, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit its choice to the Court for approval pursuant to Exchange Act § 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); Securities Act § 27(a)(3)(B)(v), 15 U.S.C.A. § 77z-1(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies

8

Exchange Act § 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); Securities Act § 27(a)(3)(B)(iii)(I)(cc), 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(II)(cc).

### C.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. Exchange Act § 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); Securities Act § 27(a)(3)(B)(v); 15 U.S.C.A. § 77z-1(a)(3)(B)(v) ("The most adequate plaintiff shall be subject to approval of the court select and certain counsel to represent the Class"). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Exchange Act § 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Gainey & McKenna and Squitieri & Fearon, LLP as the proposed co-lead counsel for the Class both of which have extensive experience prosecuting complex class actions, such as this one, and are well qualified to represent the Class. *See* Ciccia Decl. Ex. C for the firm resume of Gainey & McKenna and Exhibit D for the firm resume of Squitieri & Fearon, LLP. As a result, the Court may be assured that by approving Movant's proposed counsel, the Class is receiving the best legal representation available.

Date: July 23, 2007

Respectfully submitted,

**GAINEY & MCKENNA**

By: /s/ Thomas J. McKenna
Thomas J. McKenna (TM-7109)
295 Madison Avenue
4th Floor
New York, New York 10017
Tel: (212) 983-1300

9

SQUITIERI & FEARON, LLP

By: _____
Stephen J. Fearon, Jr. (SF-8119)
Maria J. Ciccia (MC-2801)
32 East 57th Street
12th Floor
New York, New York 10022
Tel: (212) 421-6492

Attorneys for Movant Delta Partners, LLC

10