UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
ISRAEL BOLLAG, individually and on behalf of  )
all others similarly situated,                )   **Civil Action: 07-CV-3994 (LTS)**
                                              )
                   Plaintiff,                 )
                                              )
       vs.                                    )
                                              )
XINHUA FINANCE MEDIA LTD., FREDY BUSH,        )
SHELLY SINGHAL, J.P. MORGAN SECURITIES        )
INC., UBS AG, CIBC WORLD MARKETS CORP.        )
and WR HAMBRECHT & CO., LLC,                  )
                                              )
                   Defendants.                )
                                              )
------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SHAOKAI LI AND WU LIN
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS
AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

```
------------------------------------- x
LEO YEN, individually and on behalf of all    )
others similarly situated,                    )     Civil Action: 07-CV-4046 (LTS)
                                              )
                  Plaintiff,                  )
                                              )
        vs.                                   )
                                              )
XINHUA FINANCE MEDIA LTD., FREDY BUSH,        )
SHELLY SINGHAL, ZHU SHAN, GRAHAM              )
EARNSHAW, ALOYSIUS T. LAWN, JOHN H.           )
SPRINGER, ZHAO LI, LONG QIU YUN, J.P.         )
MORGAN SECURITIES, INC., UBS AG, CIBC         )
WORLD MARKETS CORP., and W.R. HAMBRECHT )
& COMPANY, LLC.,                              )
                                              )
                  Defendants.                 )
                                              )
------------------------------------- x
JOEL DARRAS, individually and on behalf of    )
all others similarly situated,                )     Civil Action: 07-CV-4144 (LTS)
                                              )
                  Plaintiff,                  )
                                              )
        vs.                                   )
                                              )
XINHUA FINANCE MEDIA LTD., FREDY BUSH,        )
SHELLY SINGHAL, J.P. MORGAN SECURITIES,       )
INC., UBS AG, CIBC WORLD MARKETS CORP.,       )
and WR HAMBRECHT & CO.,                       )
                                              )
                  Defendants.                 )
                                              )
------------------------------------- x
ALTON PARTNERS, on behalf of itself and       )
all others similarly situated,                )     Civil Action: 07-CV-4443 (LTS)
                                              )
                  Plaintiff,                  )
                                              )
        vs.                                   )
                                              )
XINHUA FINANCE MEDIA LIMITED, FREDY           )
BUSH and SHELLY SINGHAL,                      )
                                              )
                  Defendants.                 )
------------------------------------- x
```

```
-----------------------------------------x
BLOOMFIELD, INC., on behalf of itself and        )
all others similarly situated,                   )   Civil Action: 07-CV-4728 (LTS)
                                                 )
                    Plaintiff,                   )
                                                 )
    vs.                                          )
                                                 )
XINHUA FINANCE MEDIA LTD., FREDY BUSH,           )
SHELLY SINGHAL, J.P. MORGAN SECURITIES,          )
INC., UBS AG, CIBC WORLD MARKETS CORP.,          )
and WR HAMBRECHT & CO.,                          )
                                                 )
                    Defendants.                  )
                                                 )
-----------------------------------------x
BRICKMAN INVESTMENTS, on behalf of itself and    )
all others similarly situated,                   )   Civil Action: 07-CV-4719 (LTS)
                                                 )
                    Plaintiff,                   )
                                                 )
    vs.                                          )
                                                 )
XINHUA FINANCE MEDIA LTD., FREDY BUSH            )
and SHELLY SINGHAL, J.P. MORGAN SECURITIES )
INC., UBS AG, CIBC WORLD MARKETS CORP.,          )
and W.R. HAMBRECHT & COMPANY, LLC,               )
                                                 )
                    Defendants.                  )
                                                 )
-----------------------------------------x
JIAJU CHU on behalf of itself and all others similarly )
situated,                                        )   Civil Action: 07-CV-6145 (LTS)
                                                 )
                    Plaintiff,                   )
                                                 )
    vs.                                          )
                                                 )
XINHUA FINANCE MEDIA LTD., FREDY BUSH,           )
SHELLY SINGHAL, J.P. MORGAN SECURITIES,          )
INC., UBS AG, CIBC WORLD MARKETS CORP.,          )
and WR HAMBRECHT & CO.,                          )
                                                 )
                    Defendants.                  )
                                                 )
-----------------------------------------x
```

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT ..................................................................................................................................3

I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..........................................3

    A.  The Court Should Resolve The Consolidation Issue As a Prerequisite to The Determination of Lead Plaintiff ..................................................................................3

II. THE COURT SHOULD APPOINT THE LI GROUP AS LEAD PLAINTIFFS ...............4

    A.  The Procedure Required By The PSLRA ..............................................................4

        1.  Movants Are Willing To Serve As Class Representatives .........................5

        2.  Movants Are The Most Adequate Lead Plaintiffs ......................................6

            a.  Movants Are Investors With The Largest Financial Interest In The Relief Sought By The Class ................................................6

            b.  Movants Meet The Requirements Of Rule 23 Of The F.R.C.P. ...........................................................................................6

III. THE COURT SHOULD APPROVE MOVANTS' CHOICE OF COUNSEL ...................8

CONCLUSION ...............................................................................................................................9

## **PRELIMINARY STATEMENT**

Presently pending before the Court are seven securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased or acquired American Depositary Shares ("ADSs") of Xinhua Finance Media Ltd. ("Xinhua") pursuant or traceable to Xinhua's initial public offering, dated March 8, 2007 (the "IPO"). The Actions are also on behalf of all persons who purchased or acquired ADSs of Xinhua between March 8, 2007 and May 21, 2007, inclusive (the "Class Period"). Plaintiffs in the Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated under Section 10(b), and Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), against Xinhua, Fredy Bush, Shelly Singhal, J.P. Morgan Securities, Inc., UBS AG, CIBC World Markets Corp., and WR Hambrecht & Co., LLC.

Shaokia Li and Wu Lin ("Movants" or the "Li Group")[1] lost a combined total of $70,883.00 as a result of Defendants' alleged misrepresentations in connection with their purchases of Xinhua ADSs during the Class Period. Movants respectfully submit this memorandum of law in support of their motion: (a) to consolidate the above-captioned actions; (b) for their appointment as lead plaintiffs, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B); and (c) for approval of their selection of Bernstein Liebhard & Lifshitz, LLP ("Bernstein Liebhard") as lead counsel.

Movants believe that they have the largest financial interest in the outcome of the case.[2] As such, Movants meet the requirements of the PSLRA for appointment as lead plaintiffs.

---

[1]    Movants are brother and sister.

[2]    Movants' certifications identifying their transactions in Xinhua ADSs, as required by the PSLRA, are attached to the *Declaration of Gregory M. Egleston in Support of Motion of Shaokai*

Moreover, Movants satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the Class, and they will fairly and adequately represent the interests of the Class.

Movants are precisely the type of investors envisioned by Congress to serve as lead plaintiffs when it enacted the PSLRA. The PSLRA provides for the Court to appoint as lead plaintiffs the movants that have both the largest financial interest in the litigation and have made a *prima facie* showing that they are adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure. *See In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002) (holding that the movant has the burden to show that it has a significant financial interest and that it is adequate). Movants are investors that satisfy both of these requirements.

## STATEMENT OF FACTS

The Actions allege that the Xinhua Prospectus failed to disclose material information that since April 2006, prior to the Company's IPO, Shelly Singhal, the Company's CFO at the time of the IPO, was simultaneously an investment banker and stockbroker in charge of Bedrock Securities ("Bedrock"). Since April 2006, prior to the Company's IPO, Bedrock had been under a Nasdaq cease-and-desist order for violating SEC regulations. Moreover, reports also surfaced that Singhal had been fighting a private civil racketeering lawsuit in California and had previously been a major investor in AremisSoft and ACLN, companies previously sued for fraud by the SEC. This information was never disclosed in the Prospectus.

---

*Li and Wu Lin for Consolidation, Appointment as Lead Plaintiffs and Approval of their Selection of Lead Counsel* (hereinafter, the "*Egleston Decl.*"), as Ex. 1. A chart detailing Movants' losses is attached to the *Egleston Decl.* as Ex. 2.

2

On May 21, 2007, *Barron's* published an article on Xinhua disclosing that the Registration Statement for the IPO failed to disclose that Xinhua's Chief Financial Officer ("CFO") was simultaneously the Company's CFO and an investment banker and stockbroker who ran a securities firm that had been under regulatory scrutiny in the past year.

On this news, Xinhua's stock price collapsed from $10.79 per share on May 17, 2007 to close at $8.76 per share on May 21, 2007, on unusually high volume.

## ARGUMENT

### I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) and 15 U.S.C. § 77z-1(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

#### A.     The Court Should Resolve The Consolidation Issue As a Prerequisite to The Determination of Lead Plaintiff

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc., Sec. Litig.*, No. 99-CV-1454, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *see also Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

3

The complaints filed in the Actions are substantially similar and arise from the same set of facts and conduct. As a result, the Court should consolidate the aforementioned cases, and any others filed subsequent to this motion. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii) and Section 27(a)(3)(B)(ii), 15 U.S.C. § 77z-1(a)(3)(B)(ii). As Movants have an interest in moving the Actions forward, they respectfully urge the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of law and fact presented by the related actions now pending in this District.

## II.  THE COURT SHOULD APPOINT THE LI GROUP AS LEAD PLAINTIFFS

### A.  The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act and Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B) and Section 27(a)(3)(B)(ii), 15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii) and Section 27(a)(3)(B)(ii), 15 U.S.C. § 77z-1(a)(3)(B)(ii). The PSLRA requires the court to consider within 90 days all motions that were filed within 60 days after publication of that notice

4

made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and (a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i) and Sections 27(a)(3)(A)(i)(II) and (a)(3)(B)(i), 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> i) has either filed the complaint or made a motion in response to a notice;
>
> ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and Section 27(a)(3)(B)(iii)(I), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) and Section 27(a)(3)(B)(iii)(II), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and they are not aware of any unique defenses that Defendants could raise against them. Therefore, Movants are entitled to the presumption that they are the most adequate plaintiffs to represent the Class and, as a result, should be appointed lead plaintiffs in the Actions.

### 1.    Movants Are Willing To Serve As Class Representatives

On May 22, 2007, counsel caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i) and Section 27(a)(3)(A)(i), which announced that a securities class action had been filed against, among others, Xinhua, and which advised putative class members

5

that they had until July 23, 2007 to file a motion to seek appointment as a lead plaintiff in the action.[3] Movants have reviewed one of the complaints filed in the Actions and have timely filed their motion pursuant to the Notice. In doing so, Movants have attached their certifications attesting to their willingness to serve as representative of the Class and provide testimony at deposition and trial, if necessary. *See Egleston Decl.* at Ex. 1. Accordingly, Movants satisfy the first requirement to serve as lead plaintiffs for the Class. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) and Section 27(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

### 2. Movants Are The Most Adequate Lead Plaintiffs

#### a. Movants Are Investors With The Largest Financial Interest In The Relief Sought By The Class

Under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) and 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). Subsequently, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i) and 15 U.S.C. § 77z-1(a)(3)(B)(i).

Movants are ideally suited for the role as lead plaintiffs. Movants collectively lost $70,883.00 during the Class Period. *See Egleston Decl.* Ex. 2. Movants will be able to actively represent the class and "drive the litigation" to ensure that the Class obtains the best recovery possible. *See Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 549 (N.D. Tex. 1997).

#### b. Movants Meet The Requirements Of Rule 23 Of The F.R.C.P.

---

[3] The first action against Xinhua, denominated *Israel Bollag v. Xinhua Finance Media, Ltd., et al.*, 07-CV-3994 (LTS), was filed on May 22, 2007. On May 22, 2007, the Notice was published over *Market Wire*. *See* Egleston Decl. at Ex. 3.

Equally important, Movants have affirmatively shown that they satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the provisions of Rule 23 relevant to the appointment of lead plaintiff under the PSLRA. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman*, 2003 WL 21415287, at *19. *See also Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (considering only typicality and adequacy on a motion for consolidation and for designation of lead plaintiff and lead counsel).

Movants' certifications affirmatively establish that they meet the typicality requirement of Rule 23 because they: (i) suffered the same injuries as the absent class members; (ii) suffered as a result of the same course of conduct by Defendants; and (iii) their claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *see also In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiffs be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re NASDAQ Market-Makers Antitrust Litig.*, 172 F.R.D. 119, 127 (S.D.N.Y. 1997). A finding of commonality frequently supports a finding of typicality. *See General Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982), *aff'd*, 815 F.2d 317 (5th Cir. 1987) (noting how the commonality and typicality requirements "merge"). Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include the following:

- whether the federal securities laws were violated by Defendants' acts;

- whether statements made by Defendants to the investing public during the Class Period contained material misrepresentations concerning the facts about the business and operations of Xinhua;

- whether Defendants acted knowingly or recklessly in issuing false and misleading statements; and

- whether the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movants as to all members of the purported Class. Similar to all of the other members of the Class, Movants purchased Xinhua ADSs at prices materially distorted as a result of Defendants' misrepresentations. Because Movants' claims are based on the same legal theories and "arise from the same course of conduct that gives rise to the claims of other Class members," the typicality requirement is satisfied. *See NASDAQ Market-Makers*, 172 F.R.D. at 126; *Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).

Further, Movants are uniquely able to fulfill the duties and responsibilities required to serve as lead plaintiffs. Specifically, Movants will be diligent in leading the litigation, including supervising lead counsel and directing litigation strategy and any settlement discussions to obtain the largest recovery for the Class.

### III. THE COURT SHOULD APPROVE MOVANTS' CHOICE OF COUNSEL

Pursuant to the PSLRA, the proposed lead plaintiffs shall, subject to court approval, select and retain counsel to represent the Class. *See In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997). The Court should not disturb the lead plaintiffs' choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa). In that regard, Movants request the appointment of the law firm of Bernstein Liebhard to serve as lead counsel in this case. Bernstein Liebhard has extensive experience in successfully prosecuting securities fraud actions,

has frequently been appointed as lead counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. *See* Bernstein Liebhard's firm resume, attached as Ex. 4 to the *Egleston Decl.*

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the captioned, and all subsequently-filed, related actions; (2) appoint Movants as lead plaintiffs in the captioned, and all subsequently-filed, related actions; and (3) approve Movants' selection of Bernstein Liebhard as lead counsel.

Dated: July 23, 2007

Respectfully submitted,

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**

_____
Sandy A. Liebhard (SL-0835)
Gregory M. Egleston (GE-1932)
10 East 40th Street, 22nd Floor
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218

***Lead Counsel for Movants and Proposed Lead Counsel for the Class***

9

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the attached was served upon the following counsel of record in the actions filed in this Court, First Class Mail prepaid, this 23rd day of July, 2007:

**Counsel for Plaintiffs**

Michael A Swick, Esq.
**KAHN GAUTHIER SWICK, LLC**
12 East 41st Street, 12th Floor
New York, New York 10017

Samuel H. Rudman, Esq.
**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
58 South Service Road, Suite 200
Melville, NY 11747

Darren J. Robbins, Esq.
**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
655 West Broadway, Suite 1900
San Diego CA 92101-3301

Jack G. Fruchter, Esq.
**ABRAHAM FRUCHTER & TWERSKY LLP**
One Pennsylvania Plaza, Suite 2805
New York, New York 10119

Richard A. Speirs, Esq.
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010

Evan J. Smith, Esq.
**BRODSKY & SMITH LLC**
240 Mineola Boulevard
New York, New York 11501

11710-v1

Robert N. Kaplan, Esq.
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, New York 10022

Richard A. Maniskas, Esq.
**SCHIFFRIN BARROWAY**
**TOPAZ & KESSLER LLP**
280 King of Prussia Road
Radnor, PA 19087

Lionel Z. Glancy, Esq.
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars
Suite 311
Los Angles, CA 90067

Marvin Lawrence Frank, Esq.
**MURRAY, FRANK & SAILER, LLP**
275 Madison Avenue
8th Floor
New York, NY 10016

**Counsel for Defendants**

Douglas Clark, Esq.
**WILSON SONSINI GOODRICH & ROSATI**
PROFESSIONAL CORPORATION
1301 Avenue of the Americas, 40th Floor
New York, New York 10019

*Attorneys for Defendants*
*Xinhua Finance Media Ltd., Fredy Bush, Shelly Singhal, Zhu Shen,*
*Graham Earnshaw, Aloysius T. Lawn, John H. Springer, Zhao Li, and Long Qiu Yun*

Mark A. Kirsch, Esq.
**CLIFFORD CHANCE US LLP**
31 West 52nd Street
New York, New York 10019
(212) 878-8000

*Attorneys for Defendants JP Morgan Securities Inc., UBS AG,*
*CIBC World Markets Corp., and W.R. Hambrecht Co. LLC*

_____
LYDIA APONTE

11710-v1